JOSEPH & KIRSCHENBAUM LLP
D. Maimon Kirschenbaum
Josef Nussbaum
32 Broadway, Suite 601
New York, New York 10004
Tel: (212) 688-5640
Fax: (212) 981-9587

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEX VAN WOGLOM, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br> v. <br><br> MICHAELS STORES, INC., <br><br> Defendants. | No.: <br><br> CLASS ACTION COMPLAINT |

Alex Van Woglom ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover untimely wage compensation for Plaintiff and similarly situated retail store employees who work or have worked as manual workers for Michaels Stores, Inc. ("Defendant" or "Michaels") in New York State (collectively, "Manual Workers").

2. Headquartered in Irving, Texas, Defendant Michaels is a privately held chain of arts and crafts stores. It is one of North America's largest providers of arts, crafts, framing, floral and wall décor, and merchandise for makers and do-it-yourself home decorators.

3. Upon information and belief, Michaels operates more than 60 retail locations in New York State and employs over 1,000 people in the State, a majority of whom are Manual Workers.

4. At all relevant times, Defendant compensated Plaintiff and all other Manual Workers on a bi-weekly basis.

5. Despite being Manual Workers, Defendant failed to properly pay Plaintiff and other Manual Workers their wages within seven calendar days after the end of the week in which these wages were earned.

6. In this regard, Defendant failed to provide timely wages to, and have taken unlawful deductions from the wages of, Plaintiff and all other similar Manual Workers.

7. Plaintiff brings this action on behalf of himself and all other similar Manual Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law ("NYLL"), Article 6, §§ 191, 198.

## THE PARTIES

**Plaintiff**

8. Alex Van Woglom is an adult individual who is a resident of the State of New York.

9. Van Woglom was employed by Defendant as a Customer Experience Manager/Cashier/Sales Associate at Michaels' Poughkeepsie and Newburgh, New York stores from approximately 2017 until 2019, when he was promoted. He has since left the company.

10. Van Woglom is a covered employee within the meaning of the NYLL.

**Defendant**

11. Defendant Michaels Stores Inc. is a foreign business corporation organized and existing under the laws of Delaware.

12. Michaels' principal executive office is located in Irving, TX.

13. Michaels was and is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiff and similar employees.

14. Michaels has maintained control, oversight, and direction over Plaintiff and similar employees, including timekeeping, payroll, and other employment practices that applied to them.

## JURISDICTION AND VENUE

15. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

16. The great majority, if not all, members of the proposed class are citizens of states different from that of Defendant.

17. There are over 500 members in the proposed Class.

18. Defendant is subject to personal jurisdiction in New York.

19. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conducts business in this District.

## NEW YORK CLASS ACTION ALLEGATIONS

20. Plaintiff brings the First Cause of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> All persons who work or have worked as retail employees who worked for Defendant in manual labor positions, including Cashiers, Sales Associates, Team

Members, Customer Experience Managers, Replenishment Managers, Stockers, and Framers, in New York State between the date that is six years prior to the filing of this action and the date of final judgment in this matter.

21. The class Plaintiff seeks to certify is hereinafter referred to as the "Class."

22. The members of the Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

23. There are more than one hundred members in the Class.

24. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class ("Class Members"), and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.

25. Plaintiff and the Class Members have all been injured in that they have been compensated in an untimely manner due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected everyone in the Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Class.

26. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

27. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

28. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendant. Class action treatment will permit a large number of similar persons to

prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

29.     Common questions of law and fact exist as to the Class that predominate over any questions only affecting Plaintiff and/or each member of the Class individually and include, but are not limited to, whether Defendant compensated Plaintiff and the Class Members on a timely basis.

## PLAINTIFF'S FACTUAL ALLEGATIONS

30.     Consistent with its policies and patterns or practices as described herein, Defendant harmed Plaintiff, individually, as follows:

31.     Plaintiff was employed by Defendant as a Customer Experience Manager from 2017 through 2018, when he became a Cashier/Sales Associate. He has since left the company.

32.     Defendant owns and operates retail arts and crafts establishments throughout New York State.

33.     Throughout Plaintiff's employment as a Customer Experience Manager and a Cashier/Sales Associate, he spent more than 25% of his workday performing physical labor.

34.     For example, Plaintiff was often assigned to work several hours straight behind the cash register, where his primary duties were to bag customers' orders and ring them up.

35.     When not working behind the counter, Plaintiff's duties as a Customer Experience Manager included: walking around the stores to assure the shelves were properly stocked, stocking and restocking shelves, setting the shelves in order, returning merchandise to its proper place on shelves, unloading deliveries, assisting customers with locating merchandise, and, when necessary, going to the back of the store to retrieve merchandise for customers.

36. In addition, Plaintiff was regularly required to set up a classroom for arts and crafts classes. This included cleaning the classrooms in advance of the classes, carrying materials to the room, and cleaning the classroom after the classes.

37. Plaintiff was often required to mop and/or sweep the store at the end of closing shifts.

38. Despite regularly spending more than 25% of his shift performing these physical tasks, Plaintiff was compensated by Defendant on a bi-weekly basis. Defendant also paid all other Class Members on a bi-weekly basis.

39. Thus, for every other workweek, Defendant failed to pay Plaintiff his wages earned within seven days of the end of the workweek, as required by NYLL § 191(1)(a).

40. Every time that Defendant failed to pay Plaintiff his wages earned within seven days of the end of the workweek, Defendant deprived him of the use of money that belonged to him. As a result, Plaintiff was unable to do those things that every person does with their money, such as paying bills or buying goods that he needed or wanted to buy. Moreover, by retaining money that belonged to Plaintiff, Plaintiff lost the time value of money.

**FIRST CAUSE OF ACTION**
**New York Labor Law – Failure to Pay Timely Wages**
**(Brought on behalf of Plaintiff and the Class)**

41. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

42. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiff and the Class Members.

43. Defendant failed to pay Plaintiff and Class Members on a timely basis as required by NYLL § 191(1)(a) when they were employed as Manual Workers.

44. Due to Defendant's violations of the NYLL, Plaintiff and the Claass Members are entitled to recover from Defendant the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. Designation of Plaintiff as representative of the NY Rule 23 Class and counsel of record as Class Counsel;

C. Liquidated damages permitted by law pursuant to the NYLL;

D. Pre-judgment and post-judgment interest;

E. Reasonable attorneys' fees and costs of the action; and

F. Such other relief as this Court shall deem just and proper.

Dated: New York, New York  
April 4, 2023

Respectfully submitted,  
JOSEPH & KIRSCHENBAUM LLP

By: /s/ *D. Maimon Kirschenbaum*  
D. Maimon Kirschenbaum  
Josef Nussbaum  
32 Broadway, Suite 601  
New York, NY 10004  
Tel: (212) 688-5640  
Fax: (212) 981-9587